## No. 2232.
### Second Circuit Appeal.

### BLUMENTHAL BROTHERS
v.
### DIXIE BEDDING COMPANY, LTD.

(June 6, 1925, Opinion and Decree.)

*(Syllabus by the Editor.)*

1. Louisiana Digest—Sales—Par. 62, 111. Where the purchaser of goods to be delivered in the future expressly reserves the right to countermand the order before a certain date, a letter mailed and received by the defendant before that date countermanding the order is sufficient.

Appeal from the Sixth Judicial District Court of Louisiana, Parish of Ouachita, Hon. Fred M. Odom, Judge.

This is a suit to recover the price of two bales of bed ticking. There was judgment for plaintiff and defendant appealed.

Judgment reversed.

Pugh and Easterling, of Monroe, attorneys for plaintiff, appellee.

Percy Sandel, and Theus, Grishman and Davis, of Monroe, attorneys for defendant, appellant.

CARVER, J. The plaintiffs, merchants of New Orleans, Louisiana, sued the defendant, a merchant of Monroe, Louisiana, for $565.14, the price of two bales of bed ticking.

Defendant admits ordering the ticking, but claims that in giving the order it stipulated that the goods were not to be shipped before March 1, 1922; that its reasons for such stipulation were that it had no storage room and insurance was high; that in giving the order it reserved the right up to March 1, 1922, of countermanding it; and that it did, prior to that time, so countermand.

It appears that the order was given to plaintiff's salesman, one Aldige, whose testimony was not taken at the trial.

Defendant's president, Joseph Kusin, testified, that in giving the order he reserved the right to countermand it on or before March 1, 1922.

On January 11, 1922, plaintiffs wrote to defendant a letter from which we take the following extracts:

"There is only one thing we are going to ask you to do and that is, we have the goods on hand and we will accept the order if you will allow us to make spot delivery. Kindly let us hear from you by return mail."

Defendant replied, January 13, 1922, as follows:

"We will thank you to hold the order which we gave your Mr. Aldige until Feb. 1st, that is, make the shipment at that time."

"P. S.   We have no room at present for any additional stock."

Kusin also testified that the writing of February 1st in the letter was a mistake, March 1st being intended.

Defendant, on January 16, 1922, sent plaintiffs a telegram reading as follows:

"Don't ship our ticking before March first."

To this, plaintiffs replied on January 16, 1922, as follows:

"We are in receipt of your letter as well as wire and in accordance with your wire request will make shipment of the goods you purchased from our Mr. Aldige on or about March 1st."

Notwithstanding this letter, plaintiffs did ship the ticking on January 21, 1922 from Eddystone, Penn.

On arrival of the invoices, which was the first notice defendant had that the goods had been shipped, he wired plaintiffs on January 26, 1922, as follows:

"Two bales ticking you shipped will be subject to your order and cancel all orders you have for us."

Subsequent correspondence between the parties took place but defendant consistently maintained throughout that it would not take the ticking.

Ordinarily the mere fact that goods were shipped prior to the date on which the purchaser ordered them shipped would not be good ground for his refusal to take them.

It is not necessary in this case to decide whether such advance shipment was sufficient ground for · refusal in view of defendant's particular reason for wishing the shipment deferred.   The positive testimony of defendant's president that it reserved the right to countermand, which testimony is not disputed, must be accepted as true.

Availing itself of this right it did by its telegram of January 26, 1922, expressly countermand the order, and, as said, defendant maintained this stand throughout all the subsequent correspondence.

It is true the telegram of January 26, 1922, was sent five days after the goods were shipped, but it had no reason to suppose that they would be shipped prior to March 1, 1922, or at least near March 1, 1922, in view of plaintiffs' letter of January 16, 1922, above quoted.

The judgment of the lower court was in favor of plaintiffs.   There being no written opinion, we are not advised as to the reasons for that judgment.   Whatever the reasons, were, though, we find ourselves unable to concur in the conclusion of the lower court.

It is decreed that the judgment of the lower court be reversed and that plaintiffs' petition be dismissed and their demands rejected at their cost.

Judge Odom being recused, took no part in the decision.